# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED OCT 23 2008
William B. Guthrie
Clerk, U.S. District Court
By_____ Deputy Clerk

STEVE PHILLIP LASKOWSKI, )
)
Plaintiff, )
)
v. ) No. CIV 07-148-RAW-SPS
)
AUBREY THOMPSON, et al., )
)
Defendants. )

## OPINION AND ORDER

Plaintiff filed this civil rights action, pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the McCurtain County Jail in Idabel, Oklahoma [Docket #1]. He alleged the jailer physically assaulted him and caused him to suffer injuries, and he was denied his prescriptions and his scheduled mental health counseling. He also claimed he was denied access to a law library. The defendants are McCurtain County Commissioner Aubrey Thompson, McCurtain County Jail Administrator Jason Lincoln, McCurtain County Sheriff Johnny Tadlock, and McCurtain County Jail Nurse Jere Carol.

Plaintiff notified the court by letter on January 2, 2008, that his address had changed to the Carver Center in Oklahoma City, a halfway house [Docket #26]. On September 10, 2008, the defendants filed a motion to compel plaintiff's response to discovery requests [Docket #27]. According to the defendants, the discovery requests at issue had been mailed to plaintiff at the Carver Center, and the electronic tracking confirmation indicated the documents were received there on March 26, 2008 [Docket #27-5]. The defendants further

assert their counsel was unable to reach plaintiff by telephone or letter, and the case manager at the Carter Center had informed counsel that plaintiff had left the facility [Docket #27 at 2].

On October 1, 2008, the court ordered plaintiff to show cause in writing within ten days why the defendants' motion to compel should not be granted [Docket #28]. Plaintiff has not responded to the order, and the order has not been returned to the court by the postal service. The Oklahoma Department of Corrections website at http://www.doc.state.ok/us indicates plaintiff was discharged from custody on June 13, 2008.

Pursuant to Local Civil Rule 5.5(a), it is plaintiff's responsibility to provide a current address to the court, but he has failed to comply with this rule. Therefore, this action is dismissed for failure to prosecute. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 854-56 (10th Cir. 2005) (dismissing appeal sua sponte for failure to prosecute because appellant disappeared and failed to meet court deadlines).

**ACCORDINGLY,** this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 23rd day of October 2008.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE